NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-10-0000104**
**30-SEP-2013**
**10:00 AM**

NO. CAAP-10-0000104

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


BOWEN HUNSAKER HIRAI CONSULTING, INC., Petitioner-Appellee
and Cross-Appellant v. DAVID TURK, HARUMI TURK,
MARJET INC., HAYASHI TRANSPACIFIC, INC. and
HAYASHI TRANSPACIFIC AIRCRAFT, INC., Respondents-Appellants
and DAVID TURK, LLLC, Respondent Cross-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 09-1-0227)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Respondents-Appellants David Turk (**Turk**), Harumi Turk

(**Harumi**), Marjet, Inc. (**Marjet**), Hayashi Transpacific, Inc.

(**Hayashi Transpacific**), and Hayashi Transpacific Aircraft, Inc.

(**Hayashi Transpacific Aircraft**), (collectively **"Appellants"**),

appeal from a Circuit Court of the First Circuit (**Circuit Court**)

October 19, 2009 Order Granting in Part and Denying in Part

Petitioner Bowen Hunsaker Hirai Consulting, Inc.'s Petition to

Compel Mediation and/or Binding Arbitration and a September 28,

2010 Final Judgment entered (1) in favor of Petitioner Bowen

Hunsaker Hirai Consulting, Inc., (**Bowen**), as against Appellants,

and (2) in favor of Respondent David Turk LLLC (**Turk LLLC**), as against Bowen.[1]

Appellants raise four points of error, contending that the Circuit Court erred: (1) in granting Bowen's July 10, 2009 Petition to Compel Mediation and/or Binding Arbitration against all Appellants; (2) in ruling that there were no genuine issue of material fact regarding whether Turk had signed the January 10, 2008 arbitration agreement with Bowen, and/or on behalf of Harumi; (3) in ruling that Turk and Harumi were equitably estopped from raising their non-execution of Bowen's January 10, 2008 Arbitration Agreement; and (4) in ruling that Bowen had not waived its right to arbitration.

Bowen cross-appeals, raising three points of error which assert that: (1) the Circuit Court erred in denying Bowen's Petition to Compel Mediation against Turk LLLC based on an alleged oral and/or implied agreement; (2) the Circuit Court abused its discretion in failing to order mediation pursuant to HRCC Rule 12.2; and (3) the Circuit Court erred when it entered judgment in favor of Turk LLLC and against Bowen because there were genuine issues of material fact in dispute and there was no notice, hearing or opportunity to be heard prior to the court's entry of judgment.

I.    DISCUSSION

A.    Appellants' Points of Error

(1)    Appellants assert various procedural flaws in the Circuit Court proceedings in which Bowen sought to compel

_____

[1]    The Honorable Gary W.B. Chang presided.

2

mediation and arbitration; Appellants' arguments in support of its first point of error focus on the issue of mediation.

First, we reject Appellants' argument that the Circuit Court improperly considered "new" arguments and exhibits set forth in Bowen's reply memorandum. Bowen's reply properly responded to arguments made in Appellants' memorandum in opposition to Bowen's petition seeking to compel mediation and arbitration.

Second, we reject Appellants' argument that the Circuit Court lacked the authority to order the parties to mediation. "When a court orders the parties to enter mediation, they have no choice but to obey." Arquette v. State, 128 Hawai'i 423, 445-46, 290 P.3d 493, 515-16 (2012); see also HRS § 603-21.9(6) (1993) (granting Hawai'i circuit courts with the inherent power and authority to control the litigation process before them and "[t]o make and award such judgments, decrees, orders, and mandates . . . and do such other acts and take such other steps as may be necessary to carry into full effect the powers which are or shall be given to them by law or for the promotion of justice in matters pending before them"). HRCC Rule 12.2 (1997)[2] provides:

> **Alternative Dispute Resolution.** The court, **in its discretion or upon motion by a party**, may order the parties to participate in an alternative dispute resolution process subject to conditions imposed by the court.

---

[2] HRCC Rule 12.2 was subsequently amended in 2012 to more explicitly state that the court "sua sponte or upon motion by a party, may in exercise of its discretion, order the parties to participate in a non-binding Alternative Dispute Resolution process (ADR or ADR process) subject to terms and conditions imposed by the court." The amended rule further provides that mediation is included within the term "Alternative Dispute Resolution."

(Emphasis added.) HRCC Rule 12.2 clearly provides that a circuit court may order the parties to participate in an alternative dispute resolution process, such as mediation, "in its discretion," whether or not a party has filed a motion to compel alternative dispute resolution.

(2) Appellants maintain that Turk and Harumi could not be compelled to participate in binding arbitration because genuine issues of material fact existed concerning whether Turk and/or Harumi executed Bowen's 2008 Agreement. The standard for compelling arbitration is analogous to that of summary judgment. Koolau Radiology, Inc. v. Queen's Med. Ctr., 73 Haw. 433, 834 P.2d 1294 (1992).

> If the existence of an arbitration agreement is in issue, the court shall proceed summarily to the judge or jury trial thereof. The trial court can only decide, as a matter of law, whether to compel the parties to arbitrate their dispute if there is no genuine issue of material fact regarding the existence of a valid agreement to arbitrate. Therefore, we hold that the standard of review applicable to the trial court's decision in this case should be that which is applicable to a motion for summary judgment. Accordingly, we review this case de novo, using the same standard employed by the trial court and based upon the same evidentiary materials as were before it in determination of the motion.

Id. at 439-40, 834 P.2d at 1298 (citations, internal quotation marks, brackets omitted); HRS § 658A-7(a)(2) (Supp. 2012) ("[T]he court shall proceed summarily to decide the issue" of whether an agreement to arbitrate exists).

It is undisputed that Harumi did not sign the 2008 Agreement with Bowen. Instead, Bowen contends that Turk signed the arbitration agreement "as an agent" for Harumi, as well as on his own behalf. However, Turk states in his sworn declaration that "[t]he signature on [the 2008 Agreement] document is not

4

mine. Further, I did not authorize anyone to sign that document on my behalf." Although Bowen contends on appeal that it "believes that it was David Turk's signature as demonstrated by his signatures on past Agreements," and all of the Appellants' various 2008 Agreements were "signed in the same manner," it is well-settled that "[w]hether or not the signature was a forgery was a question of fact[.]" Iaea v. Iaea, 59 Haw. 648, 649, 586 P.2d 1015, 1016 (1978). Accordingly, because a trial court is authorized to compel the parties to arbitrate only if there is no genuine issue of material fact regarding the existence of a valid agreement to arbitrate, the Circuit Court erred in summarily ordering Turk and Harumi to arbitrate this dispute absent an evidentiary hearing to determine whether Turk signed the 2008 Agreement (1) on behalf of himself, and (2) on behalf of Harumi.

(3) Appellants argue that the Circuit Court erred in applying the doctrine of equitable estoppel to preclude Turk and Harumi from avoiding the arbitration provision in the 2008 Agreement. We disagree.

In Sher v. Cella, 114 Hawai'i 263, 267, 160 P.3d 1250, 1254 (App. 2007), this Court examined whether the appellees in that case could bind non-signatory appellants to an arbitration provision under any of the five alternate bases set forth in Thomson-CSF, S.A. v. Am. Arbitration Ass'n, 64 F.3d 773, 776 (2d Cir. 1995), including equitable estoppel. The court's analysis of the applicability of the doctrine of equitable estoppel to such matters is as follows:

> In Thomson-CSF, a federal district court ordered
> Thomson-CSF to arbitrate its claims against defendant Evans

5

& Sutherland Computer Corp. based on language contained in a 'Working Agreement' entered into between Sutherland and Rediffusion Simulation Limited (a company that had been purchased by Thomson-CSF). 64 F.3d at 775. The United States Court of Appeals for the Second Circuit held that the benefit obtained by Thomson-CSF as a result of the contract in question (the elimination of Rediffusion from a particular market sector) was too indirect to form the basis for estopping the non-signatory from avoiding arbitration. Id. at 779. In that case, the benefit asserted resulted not from the contract, but from changed market conditions occurring as a result of the contract. Id.

Like Thomson-CSF, Appellants here received no benefit as a result of the Acquisition Agreement, but rather they accepted, after the consummation of the transaction, an indirect benefit. Although the commission is referred to in the Acquisition Agreement, the Seller's obligation to pay that commission was not created by that agreement; rather, the obligation to pay was created by virtue of the Listing Contract executed in January 2002 by CBIP and the Seller. Even if the Acquisition Agreement had not referred to any commission at all, that commission would still have been due by virtue of the Listing Contract.

On the subject of equitable estoppel, the United States Court of Appeals for the Fourth Circuit has held that 'a party may be estopped from asserting that the lack of his signature on a written contract precludes enforcement of the contract's arbitration clause when [the party] has consistently maintained that other provisions of the same contract should be enforced to benefit him.' Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH, 206 F.3d 411, 418 (4th Cir.2000). Appellants, by accepting the commission resulting from the sale of the Property, have not embraced the Acquisition Agreement to the degree necessary to subject them to its terms, including the arbitration provision contained therein. Other than Appellants' acceptance of their sales commission, the record in this case shows no affirmative embracing of the agreement by Appellants. Had Appellants attempted to enforce some provision of the Acquisition Agreement or receive its benefit in some other manner, a contrary result may have resulted. Thomson-CSF, 64 F.3d at 779. Therefore, the [appellees] may not rely on a theory of equitable estoppel solely because Appellants received their commission on the sale of the Property.

Sher, 114 Hawai'i at 268-69, 160 P.3d at 1255-56.

Here, Bowen entered into an Agreement with Turk and Harumi indicating that Bowen would prepare Turk and Harumi's "2007 Federal and State individual income tax returns," and Turk and Harumi would furnish Bowen with the necessary information to do so. As Bowen maintains, Turk and Harumi accepted the direct benefits of the 2008 Agreement and performed as if the agreement

was in effect at all times, until the parties' dispute later arose. Namely, Turk and Harumi submitted the "2007 Tax Organizer" to Bowen, signed by both Turk and Harumi, indicating that they were submitting "information for the sole purpose of preparing [their] tax return(s)" and representing that the information provided was "true, correct, and complete to the best of [their] knowledge." The record also contains a "Letter of Transmittal" addressed to Turk and Harumi, indicating the transmittal of their 2007 tax returns, with a handwritten note indicating a client "pick up" date of August 19, 2008. Turk further acknowledged that Bowen prepared his 2007 federal and state income tax returns in a letter disputing the fees charged by Bowen, and indicating that he planned to file suit against Bowen in connection with the work performed pursuant to the 2008 Agreement, i.e., Bowen's "preparation of my 2007 federal and state income tax returns."

It appears from the record that Turk and Harumi received benefits that directly resulted from the 2008 Agreement, i.e., the preparation of their 2007 income tax returns. Unlike the appellants in Sher, here, there is no assertion that there was any other agreement or basis for Bowen to have provided the services received by Turk and Harumi. Accordingly, Turk and Harumi "may be estopped from asserting that the lack of [their] signature on a written contract precludes enforcement of the contract's arbitration clause when [they] ha[ve] consistently maintained that other provisions of the same contract should be enforced to benefit [them]." Sher, 114 Hawai'i at 269, 160 P.3d

7

at 1256 (citing <u>Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH</u>, 206 F.3d 411, 418 (4th Cir. 2000)). By accepting the 2007 tax returns prepared pursuant to the 2008 Agreement, Turk and Harumi have affirmatively embraced the 2008 Agreement to the degree necessary to subject them to its terms, including the mediation and/or arbitration provision contained therein. Accordingly, Turk and Harumi are estopped from asserting that the purported lack of Turk's authentic signature on the 2008 Agreement precludes enforcement of the Agreement's arbitration clause. Therefore, the Circuit Court did not err in holding that Turk and Harumi were compelled to participate in mediation and/or arbitration.

(4) Appellants contend that the Circuit Court erred in compelling mediation and/or arbitration because Bowen "waived its right to these remedies" by submitting its claims against Appellants to a debt collector. Appellants argue that the procedure outlined in the 2008 Agreements is "not consonant with initially referring a dispute to a professional debt collector."

It is well-settled that "[a]n agreement to arbitrate may be waived by the actions of a party which are completely inconsistent with any reliance thereon." <u>Ass'n of Owners of Kukui Plaza v. Swinerton & Walberg Co.</u>, 68 Haw. 98, 110, 705 P.2d 28, 36 (1985) (citation omitted). "Waiver is generally defined as an intentional relinquishment of a known right, a voluntary relinquishment of rights, and the relinquishment or refusal to use a right." <u>Fireman's Fund Ins. Co. v. AIG Hawai'i Ins. Co.</u>, 109 Hawai'i 343, 354, 126 P.3d 386, 397 (2006) (citation and

8

internal quotation marks omitted). A waiver of the right to arbitration pursuant to a valid arbitration agreement "will not be lightly inferred." Id. (citation omitted).

The mediation and/or arbitration clause at issue provides, in relevant part, that:

> if any difference arises out of this agreement, either of us shall have the option, **prior to the commencement of any legal proceeding**, to submit the matter to mediation by giving notice to the other party. . . .
>
> If agreement cannot be reached by mediation, you agree to submit the difference to binding arbitration. . . .

(Emphasis added.) Accordingly, the only condition that must be satisfied before commencement of mediation is that notice be given to the other party "prior to the commencement of any legal proceeding."

At least as early as January 22, 2009, Appellants received communication from the debt collector regarding Appellants' past due debt owing to Bowen. In response, Turk sent a letter to the debt collector, dated February 24, 2009, disputing the amounts owed and informing them of his intent to file suit. On March 11, 2009, Bowen sent a letter to Turk indicating that Bowen

> retained the Law Firm of Jim On & Beerman to represent us in connection with the mediation and binding arbitration of these outstanding debts and your claim of alleged malfeasance or misfeasance. He will be contacting you soon regarding the submission of this matter to mediation and binding arbitration process.

Bowen's counsel sent a letter to Turk, dated March 18, 2009, informing Appellants of its intent to submit the matter to mediation pursuant to the 2008 Agreement.

There is nothing in the 2008 Agreement to suggest that submitting the matter to a debt collector would waive the right to mediation and/or arbitration, and the parties do not cite to any authority suggesting that such an action constitutes a "legal proceeding." "Waiver of an arbitration right must be intentional; thus, implying waiver from a party's actions is appropriate only if the facts demonstrate that the party seeking to enforce arbitration has intended to waive its arbitration right." 4 Am. Jur. 2d Alternative Dispute Resolution § (2007). There is no evidence of an intentional waiver. Instead, it appears that Bowen timely notified Appellants of its intent to rely on the right to submit the matter to mediation and/or arbitration. Accordingly, because a waiver cannot be inferred from Bowen's referral of Appellants' accounts to a debt collector, we conclude that Bowen did not waive its right to submit this matter to mediation and/or arbitration pursuant to the arbitration clause contained in the 2008 Agreement.

B.    The Cross-Appeal

(1&2)    Bowen's first two points of error on appeal raise the same issue - that the Circuit Court should have ordered mediation with Turk LLLC.    Although Bowen admitted that there was no 2008 agreement with Turk LLC, Bowen sought to compel mediation "based upon the course and conduct of prior dealings with David Turk as a law corporation, as a law company" and HRCC Rule 12.2.    Bowen acknowledged that, absent an agreement, it could not compel arbitration.

Bowen contends that the Circuit Court abused its discretion when it failed to compel mediation because "there was absolutely no justification for not also ordering the Turk Law Firm to participate in the same mediation," that the court ordered with respect to Appellants. Although public policy strongly favors alternative dispute resolution over litigation, HRCC Rule 12.2 does not mandate that a circuit court grant a party's request to mediate; instead, this decision remains discretionary with the court. "An abuse of discretion occurs when the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Save Sunset Beach Coal. v. City & Cnty. of Honolulu, 102 Hawai'i 465, 484, 78 P.3d 1, 20 (2003). Because other avenues remain available to Bowen to remedy David Turk LLLC's nonpayment for tax services received and to defend against any claims David Turk LLLC may raise against Bowen, it cannot be said that the Circuit Court's refusal to order mediation in this instance "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant."

(3) Finally, we reject Bowen's argument that the Circuit Court improperly entered judgment in favor of Turk LLLC. It appears from the record that the Circuit Court revised a proposed form of Final Judgment to correctly reflect the court's prior order that expressly provided that Bowen's Petition to Compel was denied "in favor of Respondent David Turk LLLC[.]"

II.    CONCLUSION

For these reasons, the Circuit Court's September 28, 2010 Final Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, September 30, 2013.

On the briefs:

Brian K. Yomono
for Respondents-Appellants
and Cross-Appellees, and
Respondent Cross-Appellee

Shelton G.W. Jim On
(SJO & Associates, LLLC)
for Petitioner-Appellee
and Cross-Appellant

Presiding Judge

Associate Judge

Associate Judge